# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **PATRICIA ARREDONDO** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED
## AND LIST OF ALL COUNSEL OF RECORD

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.   Index of Matters Being Filed and List of All Counsel of Record;

2.   Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A.   Plaintiff's Original Petition, filed August 22, 2019 (attached as Exhibit 1-A);

   B.   Service to Defendant on September 10, 2019 (attached as Exhibit 1-B);

   C.   Defendant's Original Answer, filed September 26, 2019 (attached as Exhibit 1-C);

3.   A copy of the state court docket sheet (attached as Exhibit 1-D).

The parties' respective attorneys are as follows:

A.     ATTORNEYS FOR PLAINTIFF:

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F3
McAllen, Texas 78504
956-631-0745 Phone
888-266-0971 Fax
Firstpartylit@moore-firm.com

B.     ATTORNEYS FOR DEFENDANT:

Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
RAMÓN | WORTHINGTON, PLLC
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
ecantu@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
RAMÓN | WORTHINGTON, PLLC
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
efile@ramonwothington.com

Dated: September 27, 2019.

# EXHIBIT 1-A

CAUSE NO. **C-3623-19-A** _____

| | | |
|---|---|---|
| **PATRICIA ARREDONDO** | § | **IN THE DISTRICT COURT** |
| _Plaintiff,_ | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | 92nd |
| _Defendant._ | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DECLARATORY RELIEF

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

COMES NOW, **PATRICIA ARREDONDO** (herein individually "Plaintiff"), and files this Plaintiff's Original Petition and Request for Declaratory Relief against **STATE FARM LLOYDS**, (herein "Defendant"), and for the purposes of requesting declaratory relief shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery pursuant to the Texas Rules of Civil Procedure as they relate to Requests for Declaratory Relief.

1.2    Plaintiff seeks recovery pursuant to this court's original jurisdiction.

### II. PARTIES

2.1    Patricia Arredondo is an individual who resides in Hidalgo County, Texas.

2.2    Defendant **STATE FARM LLOYDS** ("Defendant Insurance Company") is a Domestic insurance company incorporated in the State of Texas, organized under the laws of the State of Texas, and engaged in the business of insurance in the State of Texas. Defendant may be served with process via certified mail. The clerk is requested to issue a citation and serve the Defendant at the following address:

Electronically Filed
9/2/2019 10:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3623-19-A**

**Corporation Service Company**
**211 E 7th St Ste 620**
**Austin TX 78701 -3218**

### III.  JURISDICTION & RULE 47(c) STATEMENT

3.1    This Court has jurisdiction over Defendant Insurance Company because this Defendant is an insurance company which engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiff seeks only declaratory relief at this time.

### IV. VENUE

4.1    Venue is proper in Hidalgo County, Texas, because the insured property, subject to this suit, is situated in Hidalgo County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

### V. FACTS

5.1.    On or about May 31, 2017, Plaintiff's property located at 2637 Quebec Street, McAllen, TX 78503, sustained severe storm damage. Plaintiff filed a claim (Claim No. 530799H59) with Defendant pursuant to the terms of the policy (Policy No. 83-CC-D425-4). Defendant wrongfully delayed, denied, and underpaid the claim.

5.2.    Specifically, Defendant adjusted the claim for a total of a mere $1,181.40 Replacement Cost Value ("RCV") which fell below the deductible of $2,670.00. Thus, Defendant issued no payment to Plaintiff. Defendant found interior water damages resulting from the storm in (1.) the hall bathroom, (2.) the living room, and (3.) a hallway. Defendant denied the claim on July 24, 2017, concluding that the damages resulted from a plumbing vent pipe leak, despite the fact that Plaintiff filed a claim for storm damages.

5.3.    The insurance policy issued to Plaintiff contains an appraisal clause by which the Plaintiff and Defendant may resolve disputes relating to the amount of loss.

5.4.    On Friday, July 12, 2019, Plaintiff invoked the appraisal clause of the subject

Electronically Filed
9/12/2019 10:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3623-19-A**

insurance policy. Defendant purportedly responded to this invocation by USPS mail on August 2, 2019 in a letter received by the undersigned on August 12, 2019.

      5.5.     Defendant has refused to participate in the contractual appraisal process. Pursuant to the terms of the policy, defendant was required to designate its appraiser within 20 days and has failed to comply with the terms of the policy.

      5.6.     The policy also contains an appraisal endorsement, FE-5626 AMENDATORY APPRAISAL ENDORSEMENT, ("FE-5626") which states, in relevant part:

> "j. A party may not demand appraisal after that party brings suit against the other party *relating to the amount of loss*." *See* **Exhibit A**. (emphasis added).

      5.7.     Plaintiffs assert that the appraisal endorsement is unenforceable, unconscionable, and violates Texas law. Specifically, by the express terms of FE-5626, the endorsement contains "POTENTIAL REDUCTIONS IN COVERAGE."

      5.8.     Plaintiff only seeks declaratory relief from this court at this time. Plaintiff requests that the court declare that:

> (1.) FE-5626 is unenforceable as to the provision set forth in *Section j, supra*;

> (2.) Defendant must designate its appraiser in compliance with the express terms of the policy because this action does not relate to the amount of loss; and

> (3.) Plaintiff be awarded reasonable and necessary attorney's fees.

## VI. REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSURANCE COMPANY

**Request for Production 1:**
Produce any and all documents submitted by State Farm Lloyds to the Texas Department of Insurance ("TDI") relating to obtaining TDI's approval of the issuing of policies with the subject FE-5626 AMENDATORY APPRAISAL ENDORSEMENT. This request includes, but is not limited to, the Department's responses to State Farm Lloyds, and any additional correspondence derived therefrom.

**Request for Production 2:**

Electronically Filed
9/22/2019 16:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3623-19-A**

Any and all records of communication between Plaintiff's insurance sales agent and Plaintiff relating to FE-5626 AMENDATORY APPRAISAL ENDORSEMENT.

**Request for Production 3:**
Any and all records of communication between Plaintiff's insurance sales agent and Plaintiff relating to Plaintiff's agreement to be bound by the FE-5626 AMENDATORY APPRAISAL ENDORSEMENT.

**Request for Production 4:**
Any and all instructions, training manuals, or documents relating to training protocols provided by State Farm Lloyds to its sales agents relating to the manner in which its sales agents must notify State Farm Lloyd's policyholders about endorsements, generally, or the FE-5626 AMENDATORY APPRAISAL ENDORSEMENT at issue, specifically.

**Request for Production 5:**
Any and all documents legal opinions, memorandums, market studies, analysis, internal communications, or studies, which have been conducted internally by State Farm Lloyds, which reflect the basis for the drafting, selling, and inclusion of the FE-5626 AMENDATORY APPRAISAL ENDORSEMENT at issue in State Farm Lloyds policies sold to policyholders such as Plaintiff. To the extent an attorney-client privilege is asserted, please provide a privilege log.

**Request for Production 6:**
Any and all documents reflecting consideration which State Farm Lloyds paid to Plaintiff in exchange for the modification of the policy of insurance sold by State Farm Lloyds to Plaintiff in exchange for the inclusion of the FE-5626 AMENDATORY APPRAISAL ENDORSEMENT at issue.

**Request for Production 7:**
Any and all documents reflecting consideration received by State Farm Lloyds, including, but not limited to, Plaintiff's insurance agent, from Plaintiff for the modification of the policy of insurance sold by State Farm Lloyds to Plaintiff in exchange for the inclusion of the FE-5626 AMENDATORY APPRAISAL ENDORSEMENT at issue.

**Request for Production 8:**
Any and all documents legal opinions, memorandums, market studies, analysis, internal communications, or studies, which have been conducted by third-parties, which reflect the basis for the drafting, selling, and inclusion of the FE-5626 AMENDATORY APPRAISAL ENDORSEMENT at issue in State Farm Lloyds policies sold to policyholders such as Plaintiff. To the extent an attorney-client privilege is asserted, please provide a privilege log.

**Request for Production 9:**
Any and all documents reflecting actuarial, financial, economic, business projection, or legal studies or market research tending to show the efficacy of the invocation of appraisal clauses' effect on total amounts paid to policyholders on disputed property damage claims versus claims in which appraisal is not invoked. To the extent an attorney-client privilege is asserted, please provide a privilege log.

---

Electronically Filed
9/22/2019 10:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3623-19-A**

**Request for Production 10:**
Any and all documents that relate to the application for the copyright of FE-5626 AMENDATORY APPRAISAL ENDORSEMENT.

**Request for Production 11:**
Any and all documents issued by a court in which such a court has interpreted the enforceability of FE-5626 AMENDATORY APPRAISAL ENDORSEMENT.

**Request for Production 12:**
Any and all motions filed by a party to any lawsuit relating to the enforceability of FE-5626 AMENDATORY APPRAISAL ENDORSEMENT.

**Request for Production 13:**
Any and all corporate board of director, officer, committee, or other meeting minutes in which FE-5626 AMENDATORY APPRAISAL ENDORSEMENT was proposed, discussed, considered and/or acted on.

**Request for Production 14:**
Produce any and all notes, emails, or subsequent recorded communications of or relating to such meetings described in request for production 13.

## VII. REQUESTS FOR ADMISSION TO DEFENDANT INSURANCE COMPANY

**Request for Admission 1:**
The FE-5626 AMENDATORY APPRAISAL ENDORSEMENT was a material alteration to Plaintiff's insurance Policy.

**Request for Admission 2:**
Plaintiff did not give any new consideration in exchange for a material alteration.

**Request for Admission 3:**
Plaintiff did not give any new consideration in exchange for FE-5626 AMENDATORY APPRAISAL ENDORSEMENT being added to her policy.

**Request for Admission 4:**
Policy Number 83-C1Z050-9 issued to Plaintiff was a renewal of Plaintiff's previous insurance policy issued by State Farm.

**Request for Admission 5:**
Plaintiff's previous insurance policy issued by State Farm did not contain FE-5626 AMENDATORY APPRAISAL ENDORSEMENT.

**Request for Admission 6:**
State Farm did not cancel Plaintiff's previous insurance policy, but instead renewed the previous insurance policy.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR
DECLARATORY RELIEF

Electronically Filed
3/22/2019 10:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3623-19-A**

## VIII. PRAYER

8.1    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have a declaration of judgment declaring FE-5626 AMENDATORY APPRAISAL ENDORSEMENT unenforceable as a matter of law, unconscionable as a matter of law, or otherwise in violation of Texas law.  In addition, Plaintiff requests the award of reasonable and necessary attorney's fees and for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:   (888) 266-0971
Email: firstpartylit@moore-firm.com


By:     _/s/ J. Michael Moore_____
          J. MICHAEL MOORE
          State Bar No. 14349550
          **ATTORNEY FOR PLAINTIFF**

C-3623-19-A

FE-5626C
Page 1 of 2

# IMPORTANT NOTICE

Effective with this policy term, **FE-5626 AMENDATORY APPRAISAL ENDORSEMENT** is added to your policy.

This notice summarizes the changes being made to your policy.  Please read the new endorsement carefully and note the following changes:

## POTENTIAL REDUCTIONS IN COVERAGE

Although not intended to change coverage, these changes could potentially reduce or eliminate coverage depending on how they are interpreted and, in that regard, should be viewed as either actual or potential reductions in or eliminations of coverage.

The **Appraisal** condition has been revised in its entirety and contains details regarding the appraisal process, including, but not limited to:

- When appraisal can be used to determine the amount of loss and how the process works.
- The written documentation required to demand appraisal.
- How the appraisers and umpire are selected and the qualifications they must meet.
- How the appraisers and umpire are compensated.

Endorsement **FE-5626** follows this notice.  Please read it thoroughly and place it with your policy.  If you have any questions about the information in this notice, please contact your State Farm® agent.

This notice is a general description of coverage and/or coverage changes and is not a statement of contract.  This message does not change, modify, or invalidate any of the provisions, terms, or conditions of your policy, or any other applicable endorsements.

## FE-5626 AMENDATORY APPRAISAL ENDORSEMENT

**SECTION I – CONDITIONS, Appraisal** is replaced with the following:

**Appraisal.** If you and we fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only you or we may demand appraisal. A demand for appraisal must be in writing. You must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

b. The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute.

The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon you and us.

c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

(1) you or we may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the **residence premises** is located to select an umpire;

(2) the party requesting the selection described in item c.(1) must provide the other party:

(a) written notice of the intent to file, identifying the specific location and identity of the court, at least 10 days prior to submission of the written application; and

(b) a copy of the written application; and

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015
CONTINUED



**StateFarm**

20346   83-CC-D425-4

C-3623-19-A

FE-5626C
Page 2 of 2



(3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute and will be binding upon you and us. In all instances the written report of agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute.

d. To qualify as an appraiser or umpire for a loss to building property, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

(1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;

(2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or

(3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.

e. A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

(1) has performed services for either party with respect to the claim at issue in the appraisal; or

(2) has a financial interest in the outcome of the claim at issue in the appraisal.

f. Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by you and us.

g. You and we do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

(1) any other questions of fact;

(2) questions of law;

(3) questions of coverage;

(4) other contractual issues; or

(5) to conduct appraisal on a class-wide basis.

i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

All other policy provisions apply.

FE-5626

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

ST-8
0408-0400

# EXHIBIT 1-B

**UNITED STATES**
**POSTAL SERVICE**

September 6, 2019

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0141 9856 75**.

FILED
AT _____ O'CLOCK _____ M

SEP 17 2019

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy#1

## Item Details

| | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | September 6, 2019, 7:32 am |
| **Location:** | AUSTIN, TX 78760 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | STATE FARM LLOYDS |

## Recipient Signature

Signature of Recipient:   KYLE RATZLAFF

Address of Recipient:   211 S. 7TH   CSC (STE 620)

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000141985675
C-3623-19-A
STATE FARM LLOYDS
C/O CORPORATION SERVICE COMPANY
211 E. 7TH ST. STE. 620
AUSTIN , TX  78701-3218

C-3623-19-A
**92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS**

_____

**CITATION**

_____

**THE STATE TEXAS**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**STATE FARM LLOYDS**
**C/O CORPORATION SERVICE COMPANY**
**211 E. 7TH ST STE 620**
**AUSTIN, TEXAS 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DECLARATORY RELIEF** at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 92nd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 22nd day of August, 2019 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-3623-19-A, PATRICIA ARRENDONDO VS. STATE FARM LLOYDS**

Said Petition was filed in said court by Attorney J. MICHAEL MOORE, THE MOORE LAW FIRM  4900 NORTH 10TH ST SUITE F-3  MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 30th day of August, 2019.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ DEPUTY CLERK**

**CERTIFIED MAIL  9214 8901 0661 5400 0141 9856 75**

**CERTIFICATE OF RETURN
UNDER RULES 103 T.R.C.P.**

This is to certify that on this the 30th day of August, 2019 I, Monica Valdez, Deputy Clerk of the 92nd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-3623-19-A, Patricia Arrendondo VS. State Farm Lloyds a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the ____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 30th day of August, 2019.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ, DEPUTY CLERK**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My  name  is  _____,  my  date  of  birth  is _____ and  the  address  is  _____,and  I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

# EXHIBIT 1-C

Electronically Filed
9/26/2019 7:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

### CAUSE NO. C-3623-19-A

| | | |
|---|---|---|
| PATRICIA ARREDONDO | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 92nd JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | HIDALGO COUNTY, TEXAS |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES STATE FARM LLOYDS, Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show this Honorable Court the following:

### I.      GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant State Farm Lloyds generally denies each and every material allegation contained in Plaintiff's Original Petition, and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.      AFFIRMATIVE DEFENSES

1.      Defendant affirmatively alleges that there is no justiciable case or controversy between the parties and that the Texas Uniform Declaratory Judgement Act does not apply. The appraisal provision of this policy was invoked before suit was filed and this matter is now in appraisal. TEX. CIV. PRAC. & REM. CODE § 37.002. There is no uncertainty or insecurity with respect to rights, status, or other legal relations and thus this act is inapplicable to Plaintiff's claims and Plaintiff has failed to state a claim for which relief can be granted.

Electronically Filed
9/26/2019 1:51 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

2.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit, including payment(s) made in connection with prior insurance claim(s), if any, regarding the same damage.

3.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiff's $2,670.00 deductible.

4.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Defendant asserts that Plaintiff may have failed to make reasonable efforts to mitigate her damages.

5.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulting from any accidental direct physical loss during the policy period (beyond any damages already paid by State Farm under the policy).

6.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

7.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Plaintiff's claims are barred, in whole or in part, because the alleged damages to Plaintiff's property, none being admitted, were proximately caused in whole or in part by non-covered losses. The policy at issue, as amended by endorsement, specifically provides:

Electronically Filed
9/26/2019 1:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

## SECTION I - LOSSES INSURED

**COVERAGE A - DWELLING**
We insure for accidental direct physical loss to the property described in
Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**.

## SECTION I - LOSSES NOT INSURED

1.       We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*   *   *   *   *

       g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

       i. mold, fungus or wet or dry rot;

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

3.       We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

       b.      defect, weakness, inadequacy, fault or unsoundness in:

            (2)      design, specifications, workmanship, construction, grading, compaction;

            (3)      materials used in construction or repair; or

            (4)      maintenance of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

       c.      weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Electronically Filed
9/26/2019 1:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

8.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, The Policy provides that actual repair or replacement of the damaged property is a condition precedent to payment of the claim at replacement cost value. To the extent Plaintiff seeks additional damages beyond what State Farm has already paid, Plaintiff bears the burden to show completion of actual replacement or repair of those additional damages before they can receive replacement cost benefits under the policy.  The Policy states as follows in FE-3533.1 HOMEOWNERS POLICY ENDORSEMENT (Texas):

**SECTION I – LOSS SETTLEMENT**

**\*   \*   \*   \*   \***

1.      **A1 – Replacement Cost Loss Settlement – Similar Construction.**

  a.      We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

   (1)      until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

   (2)      when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

   (3)      to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed. . .

Specifically, Plaintiff has not provided State Farm with any evidence that the interior damages identified by State Farm have been repaired.  Plaintiff's damages, if any, must be calculated based on the "actual cash value at the time of the loss."

Electronically Filed
9/26/2019 1:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

9.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the following Policy conditions:

## SECTION I – CONDITIONS
* * * * *

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.      give immediate notice to us or our agent. . .
    b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

To the extent Plaintiff seeks additional damages beyond what State Farm has already paid, Plaintiff failed to comply with these conditions precedent. Specifically, Plaintiff may have failed to timely give notice of all of the damages, and Plaintiff may have failed to make temporary repairs, resulting in further loss to the property.

10.     In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, no action shall be brought by Plaintiff unless there has been compliance with the "Suits Against Us" policy provision.

11.     In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, a bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

12.     In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Texas Civil Practice and Remedies Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the

Electronically Filed
9/26/2019 1:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

13.     In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

14.      In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Plaintiff is precluded from recovering any attorney fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith …. If a claimant demands monies to which they [sic] are not entitled, that demand is unreasonable and consequently excessive." *See  Wayne v. A.V.A. Vending, Inc.*, 52 S.W. 3d 412, 418 (Tex. App. – Corpus Christi 2001, pet. denied) (citing *Findlay v. Cave*, 611 S.W. 2d 57, 58 (Tex. 1981) and *Ingham v. Harrison*, 148 Tex. 380, 385-386, 224 S.W. 2d 1019, 1022 (Tex. 1949)).

15.     In the event Plaintiff pursues additional claims arising out of the claim made the basis of this lawsuit, Defendant pleads Tex. Ins. Code §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding reasonable and necessary attorney's fees calculated by using "an hourly rate that is customary for similar legal services" as set out by Tex. Ins. Code §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the

Electronically Filed
9/26/2019 2:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

Court deny any award of attorney's fees to Plaintiff, incurred after the date the Defendant files this pleading with the Court.

16.    In the event Plaintiff attempts to state claims and seek damages for alleged violations of the Texas Insurance Code, Defendant contends Plaintiff has failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiff's pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit.  See TEX. INS. CODE §541.154(a) and §542A.003. Plaintiff has failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

17.    In the event Plaintiff makes a breach of contract claim, Defendant contends Plaintiff's breach of contract claim is/would be barred, in whole or in part, by State Farm's timely issued payment of that portion of the appraisal award that could have been covered under the policy at issue and/or which State Farm pays. Specifically, and to the extent applicable, Defendant contends Plaintiff is/would be estopped from contesting whether State Farm complied with the insurance contract and estopped from contesting actual damages under the insurance contract with respect to an appraisal award for which State Farm timely issues payment for.

18.    Because the amount of loss is determined by appraisal, Defendant contends, as may be applicable, State Farm's timely issued payment of that portion of the appraisal award that could have been covered under the policy at issue, and/or which State Farm pays, precludes or would preclude Plaintiff's entitlement to receive any additional policy benefits, as Plaintiff would not have lost a contractual right to any additional policy benefits, and Plaintiff has not alleged any facts that would give rise to an independent injury claim. Further, liability under Texas Insurance Code Chapter 541

Electronically Filed
9/26/2019 7:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

incorporates the common law bad faith standard for breach of duty of good faith and fair dealing.

19.    Defendant demands a trial by jury.

### III.    <u>TRCP 193.7 NOTICE</u>

Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiff in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiff in any pretrial proceeding or trial of this case.

### IV.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests judgment of the Court that Plaintiff take nothing by this suit, and, that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

Electronically Filed
9/26/2019 1:31 PM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2019 a true and correct copy of the foregoing

document was served via e-File Texas.gov to the following:

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F3
McAllen, Texas 78504
T: (956) 631-0745
F: (888) 266-0971
firstpartylit@moore-firm.com
*Attorney for Plaintiff*

/s/ Elizabeth Sandoval Cantu
Elizabeth Sandoval Cantu

# EXHIBIT 1-D

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back
Location : All Courts      Images

## REGISTER OF ACTIONS
### CASE NO. C-3623-19-A

| | | |
|---|---|---|
| Patricia Arrendondo VS. State Farm Lloyds | § § § § § | Case Type: **All Other Civil Cases (OCA)** |
| | | Date Filed: **08/22/2019** |
| | | Location: **92nd District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **Elizabeth Sandoval Cantu** |
| | | *Retained* |
| | | 956-294-4800(W) |
| | | |
| **Plaintiff** | **Arrendondo, Patricia** | **J. MICHAEL MOORE** |
| | | *Retained* |
| | | 956-631-0745(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/22/2019 | **Original Petition (OCA)** | | |
| | *AND REQUEST FOR DECLARATORY RELIEF WITH ATTACHED EXHIBIT A.* | | |
| 08/30/2019 | **Citation By Certified Mail** | | |
| | State Farm Lloyds | Served | 09/06/2019 |
| | | Returned | 09/17/2019 |
| 08/30/2019 | **Citation Issued** | | |
| 09/26/2019 | **Defendant's Original Answer** | | |
| | *TO PLAINTIFF'S ORIGINAL PETITION AND RULE 193.7 NOTICE* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 40.00 |
| | Total Payments and Credits | | | 40.00 |
| | **Balance Due as of 09/27/2019** | | | **0.00** |
| | | | | |
| 09/26/2019 | Transaction Assessment | | | 40.00 |
| 09/26/2019 | EFile Payments from TexFile | Receipt # DC-2019-070546 | State Farm Lloyds | (40.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Arrendondo, Patricia | | | |
| | Total Financial Assessment | | | 398.00 |
| | Total Payments and Credits | | | 398.00 |
| | **Balance Due as of 09/27/2019** | | | **0.00** |
| | | | | |
| 08/22/2019 | Transaction Assessment | | | 398.00 |
| 08/22/2019 | EFile Payments from TexFile | Receipt # DC-2019-066156 | Arrendondo, Patricia | (398.00) |